IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCIA LUGO,
    Plaintiff,

v.

PANDORA PATRICE IVORY, *et al.*,
    Defendant.

Civil Action No.
1:22-cv-04478-SDG

**OPINION AND ORDER**

This case is before the Court on its own initiative. The case is **REMANDED** to the State Court of DeKalb County, Georgia.

The Court must consider the question of whether it has subject matter jurisdiction to hear a case, regardless of whether it is raised by the parties. *See Wooden v. Bd. of Regents*, 247 F.3d 1262, 1271 (11th Cir. 2001). Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The sole asserted basis for jurisdiction in this case is diversity.[1]

There are a number of basic legal principles regarding diversity-of-citizenship jurisdiction to keep in mind: "[Section] 1332 grants federal courts

---

1   *See generally* ECF 1.

jurisdiction over cases between citizens of different states; [ ] the party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence; [ ] diversity is determined when the suit is instituted, not when the cause of action arose; and [ ], for diversity jurisdiction to exist, there must be complete diversity[—]that is, each defendant must be a citizen of a state different from that of each plaintiff." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998) (cleaned up).

"[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)). Ivory's Notice of Removal states that "Defendant is not a citizen of the same state as Plaintiff, and therefore, complete diversity exists in this case."[2] The Parties' supplemental filings corroborate that Plaintiff Lugo is a citizen of Georgia and Defendant Ivory is a citizen of Wisconsin.[3] But the Complaint, appended to Ivory's Notice of Removal, alleges that co-Defendant Fernando Johnson is "domiciled in Georgia." *McCormick*

---

[2] ECF 1, ¶ 12.

[3] ECFs 9, 11.

*v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (Citizenship for individuals is equivalent to domicile, which is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.").

Nothing in the Notice of Removal or Ivory's supplemental filings calls Johnson's alleged Georgia domicile into question. Ivory repeats time and again—including in her response to the Court's June 12, 2023 Order to Show Cause—that Johnson has not been served with process in this case. [4] But, while this fact bears on the propriety of Ivory's snap removal, it does not affect the parties' citizenships or the diversity analysis.[5] Indeed, the Court is "powerless to act beyond its statutory grant of subject matter jurisdiction" and cannot address other issues like service once a "doubt about jurisdiction arises" until such time as those doubts are resolved and jurisdiction is established. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted). The diversity analysis is only concerned with

---

[4]   ECF 11.

[5]   The fact that Johnson has not been served would only be relevant if there were otherwise complete diversity of citizenship. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought."). That is not the case here.

whether Ivory has shown by a preponderance of the evidence that—at the time of filing, regardless of the status of service—Plaintiff and all Defendants (including Johnson) were citizens of different states. She has not.

Accordingly, the case is **REMANDED** to the State Court of DeKalb County, Georgia.

**SO ORDERED** this 20th day of September, 2023.

Steven D. Grimberg
United States District Court Judge